UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-mj-498 (GMH) |
| | : | |
| **TREVOR BROWN,** | : | |
| | : | |
| **Defendant.** | : | |

**UNOPPOSED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, through the U.S. Attorney for the District of Columbia, requests that the status conference currently scheduled for March 22, 2022 at 1:00 p.m. be continued until May 20, 2022 or thereafter, and that the Court exclude the time until that next status conference date from the time within which the indictment must be returned and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   In support, the government submits as follows:

   1.   The government outlined in its discovery status memorandum, *see* Dkt. 25—which is incorporated herein by reference—the significant additional discovery provided to the defendant in this case, the process for accessing and reviewing that discovery, and the outstanding discovery that remains.

   2.   The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice.   Producing and reviewing the voluminous production materials will take time.   The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient

to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019)(Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019)(Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts").

3. Due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice.  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

4. The Government has conferred with defense counsel concerning this motion, and defense counsel consents to the motion.

5. Wherefore, the government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time

within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                DC Bar No. 481052

By:    *s/ Christopher D. Amore*
           CHRISTOPHER D. AMORE
           Assistant United States Attorney
           Capitol Riots Detailee
           NY Bar No.5032883
           555 Fourth Street, N.W.
           Washington, DC   20530
           Christopher.Amore@usdoj.gov
           (973) 645-2757